IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| KLAMATH SISKIYOU WILDLANDS CENTER, OREGON WILD, et al, | Case No. 1:19-cv-01810-CL |
| Plaintiffs, | |
| | OPINION AND ORDER |
| v. | |
| UNITED STATES BUREAU OF LAND MANAGEMENT, | |
| Defendant, | |
| and | |
| MURPHY COMPANY | |
| Intervenor Defendant. | |

CLARKE, Magistrate Judge

This case comes before the Court on Murphy Company's Motion to Intervene (#5). For the reasons below, the motion to intervene as a defendant is GRANTED.

## DISCUSSION

I. **Intervention as of Right**

Rule 24(a)(2) provides in relevant part that

> On timely motion, the court must permit anyone to intervene who ... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Rule 24 is to be liberally construed in favor of the party seeking intervention, *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003), because "'a liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts.'" *Wilderness Soc'y. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir.2011) (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002)); *see also In re Estate of Ferdinand E. Marcos Human Rights Litig.*, 536 F.3d 980, 985 (9th Cir.2008) ("the requirements for intervention are broadly interpreted in favor of intervention").

When analyzing a motion to intervene as of right under Rule 24(a)(2), this Court applies a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc'y*, 630 F.3d at 1177 (internal citations and quotations omitted). In applying this test, "courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

A. **Timeliness**

In assessing timeliness, the Court weighs three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for

and length of the delay." *Orange Cty. v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986) (citing *United States v. State of Oregon*, 745 F.2d 550, 552 (9th Cir. 1984)).

Here, intervenors filed their motion shortly after the Complaint was filed and before defendant U.S. Bureau of Land Management ("BLM") filed its responsive pleading. Hence, intervenor's motion was made at an early stage in the proceedings, and the parties will suffer no prejudice, disruption, or delay from the grant of intervention. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (holding that a motion to intervene as of right was timely and would not cause prejudice, disruption, or delay in the proceedings when the applicants filed their motion less than three months after the complaint was filed and less than two weeks after the answer was filed).

### B. Significant Protectable Interest

An applicant seeking intervention has a "significant protectable interest" in an action if

> (1) it asserts an interest that is protected under some law, and (2) there is a "relationship" between its legally protected interest and the plaintiff's claims. The relationship requirement is met if the resolution of the plaintiff's claims actually will affect the applicant. The "interest" test is not a clear-cut or bright-line rule, because no specific legal or equitable interest need be established. Instead, the "interest" test directs courts to make a practical, threshold inquiry, and is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.

*In re Estate of Ferdinand*, 536 F.3d at 984-85 (quoting *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002)).

The Court is satisfied that intervenors have a significant protectable interest in this action. This action challenges the BLM's North Landscape Project ("North Project") Environmental Assessment ("EA") and related decision documents. The North Project authorizes timber harvest over the next decade from the Harvest Land Base within BLM's Klamath Falls Resource Area. Plaintiffs seek to enjoin the BLM and its contractors from

implementing the North Project. Murphy Company has a significant interest in defending the North Project and the BLM's EA related to the project because Murphy Company purchased the first two timber sale offerings authorized by the North Project Decision Records. Murphy Company also anticipates purchasing future North Project timber sales offerings.

**C. Disposition of the Action and Impairment of the Interest**

If a proposed intervenor "'would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" *Berg*, 268 F.3d at 822 (quoting Fed.R.Civ.P. 24 Advisory Committee Notes). The court's analysis focuses on the "*future* effect pending litigation will have on" the intervenors' interests. *Palmer v. Nelson*, 160 F.R.D. 118, 122 (D. Neb. 1994) (emphasis in original). Notably, "the question of impairment is not separate from the existence of an interest," *Nat. Res. Def. Council, Inc., v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978), and "[g]enerally, after determining that the applicant has a protectable interest, courts have 'little difficulty concluding' that the disposition of the case may affect such interest." *Jackson v. Abercrombie*, 282 F.R.D. 507, 517 (D. Haw. 2012) (citing *Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006).

Here, having found that the proposed intervenors have a significantly protectable interest in the practical effects of the relief requested by the Plaintiffs, it naturally follows that granting that relief would impair that interest. If the Plaintiffs prevail and the Court grants their requested relief, enjoining BLM from implementing the North Project, such a result will directly impact Murphy Company's contract rights and access to BLM timber.

**D. Adequacy of Representation**

The fourth prong of Rule 24, pertaining to the inadequacy of representation, is satisfied "if the applicant shows that representation of his interest 'may be' inadequate; and the burden of

making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (internal citations omitted); *see also Arakaki*, 324 F.3d at 1086.

Notwithstanding this generally permissive rule, a rebuttable presumption of adequate representation arises where an existing party and the applicant for intervention "share the same ultimate objective," *Citizens for Balanced Use*, 647 F.3d at 898, or where "the government is acting on behalf of a constituency that it represents." *Arakaki*, 324 F.3d at 1086 (internal citations omitted). Where a presumption of adequate representation arises, the applicant must make a "compelling showing" to the contrary. *Citizens for Balanced Use*, 647 F.3d at 898 (internal citations and quotations omitted).

In evaluating the adequacy of representation, the Court examines three factors:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 952 (9th Cir. 2009) (citing *Arakaki*, 324 F.3d at 1086). The Ninth Circuit has held the presumption of adequacy may be overcome where the intervenors have "more narrow, parochial interests" than the existing party, or where "the applicant asserts a personal interest that does not belong to the general public." *Forest Conservation Council*, 66 F.3d at 1499 (internal citations and quotations omitted).

As discussed above, intervenors adequately demonstrate a concrete interest in defending the North Project. While BLM has an interest in defending the legality of its actions, its interests differ in scope from intervenors' interests. Indeed, laws like the ESA and other environmental regulations require defendants to balance the impacts of proposed actions, such as designating land for timber harvest, with environmental impacts such as the conservation of wildlife, plant life, and species' habitats. *See, e.g.*, 42 U.S.C. § 4332(C); 16 U.S.C. § 695k-r; 16 U.S.C. § 668dd(a)(2),

(4)(A). Proposed intervenors, by contrast, have a specific private interest in protecting its contract rights and ability to purchase future timber sale offerings from BLM's Klamath Falls Resource Area. This is not the same as the defendant's more general interest in following and enforcing regulations and defending agency actions. The defendants will not "undoubtably make" all of the arguments that the intervenors would make, nor would they necessarily be willing to make them. The BLM, like any federal agency, is responsible for a broad range of public interests not shared by Murphy Company.

"[I]ntervention of right does not require an absolute certainty that a party's interests will be impaired or that existing parties will not adequately represent its interests," only that there may be a divergence of interests. *Citizens for Balanced Use*, 647 F.3d at 900. As such, intervenors have overcome the presumption of adequacy and have sufficiently shown that their representation may be inadequate. The Court finds that the intervenors have met the test for intervention as a matter of right under Rule 24(a).

**ORDER**

The Motion to Intervene (#5) is hereby GRANTED.

IT IS SO ORDERED and DATED this __11__ day of December, 2019.

MARK D. CLARKE
United States Magistrate Judge