BILLY J. WILLIAMS
United States Attorney
District of Oregon

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources Division

JOHN P. TUSTIN (TX Bar No. 24056453)
Senior Attorney
EMMA L. HAMILTON (CA Bar No. 325360)
Trial Attorney
Natural Resources Section
ROBERT M. NORWAY (DC Bar No. 490715)
Wildlife and Marine Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 305-3022 (Tustin)
        (202) 305-0479 (Hamilton)
        (202) 532-3202 (Norway)
Fax:    (202) 305-0506
john.tustin@usdoj.gov
emma.hamilton@usdoj.gov
robert.m.norway@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**MEDFORD DIVISION**

| | | |
|---|---|---|
| KLAMATH-SISKIYOU WILDLANDS CENTER, OREGON WILD, *et al.* | ) | Case No. 1:19-CV-01810-CL |
| Plaintiffs, | ) | |
| | ) | |
| | ) | FEDERAL DEFENDANTS' ANSWER TO |
| v. | ) | FIRST AMENDED COMPLAINT |
| | ) | |
| UNITED STATES BUREAU OF LAND MANAGEMENT, and UNITED STATES FISH AND WILDLIFE SERVICE | ) ) ) ) | |
| Federal Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MURPHY COMPANY | ) | |
| Intervenor-Defendant. | ) | |

## **PREFATORY NOTE**

Each of Plaintiffs' claims are subject to judicial review, if at all, in accordance with the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.  Under the APA, the Court's task is to review the Administrative Records that were before the federal agencies at the time they made the challenged decisions to determine whether, as a matter of law, those Records support the agencies' decisions or whether the agencies' decisions are arbitrary, capricious or otherwise contrary to law.  5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729 (1985).  The Ninth Circuit repeatedly has articulated and enforced the rule that the scope of judicial review of agency action is limited to the Administrative Record.  *See, e.g.*, *Lands Council v. Powell*, 395 F.3d 1019 (9th Cir. 2005); *Northcoast Envtl. Ctr. v. Glickman*, 136 F.3d 660, 665 (9th Cir. 1998).

Accordingly, judicial review of federal agency action is a unique procedure, different in both nature and scope from the procedures used to resolve civil actions within the original jurisdiction of the federal district courts.  *See, e.g.*, *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994) (stating that a "complaint" (and, hence, an "answer") was not the appropriate vehicle for initiating judicial review under the APA).  Nonetheless, as a matter of judicial efficiency, Defendants Bureau of Land Management ("BLM") and the United States Fish and Wildlife Service ("FWS") by and through their undersigned counsel, submit the following "Answer" to the claims and allegations in Plaintiffs' July 30, 2020 "First Amended Complaint" ("Complaint") (ECF No. 26) challenging the North Landscape Project .

The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

*Federal Defendants' Answer*                                                                                    1

## "INTRODUCTION"

1.    The allegations in Paragraph 1 constitute characterizations of Plaintiffs' case and conclusions of law, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

2.    The allegations in Paragraph 2 appear to characterize the North Landscape Project Revised Environmental Assessment ("Project Revised EA"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

3.    The allegations in Paragraph 3 constitute characterizations of Plaintiffs' case and conclusions of law, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

4.    The allegations in Paragraph 4 characterize the Biological Opinion for the North Landscape Project which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

5.    The allegations in the first sentence of Paragraph 5 characterize Plaintiffs' November 6, 2019 letter, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  The allegations in the second sentence of Paragraph 5 constitute conclusions of law, to which no response is required.

6.    The allegations in Paragraph 6 characterize this Court's January 2, 2020 Order, ECF No. 19, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

7.    The allegations in Paragraph 7 characterize the April 1, 2020 Project Revised EA, April

*Federal Defendants' Answer*                                                                 2

3, 2020 Revised EA Errata, 2020 Finding of No Significant Impact ("FONSI"), July 13, 2020 Decision Record affirming the Stag Timber Sale, and BLM responses to public comments on the Revised EA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

8.      The allegations in Paragraph 8 constitute characterizations of Plaintiffs' case and conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

9.      The allegations in Paragraph 9 constitute characterizations of Plaintiffs' requested relief and conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any other relief.

## "JURISDICTION"

10.     The allegations in Paragraph 10 constitute conclusions of law and statements regarding jurisdiction, to which no response is required.

## "VENUE"

11.     The allegations in first sentence of Paragraph 11 constitute conclusions of law and statements regarding venue, to which no response is required. Federal Defendants admit the allegation in the second sentence of Paragraph 11 that Defendant BLM resides in this district. Federal Defendants lack information about the allegations in the third sentence of Paragraph 11 and deny them on this basis.

12.     Federal Defendants admit the allegations in Paragraph 12 insofar as Klamath Falls BLM Resource Area Office is located in Klamath County, Oregon, and the North

Landscape Project is located in Klamath County, Oregon.  The remaining allegations in Paragraph 12 constitute conclusions of law, to which no response is required.

**"PARTIES"**

13.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 and on this basis deny the allegations.

14.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 and on this basis deny the allegations.

15.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 and on this basis deny the allegations.

16.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 and on this basis deny the allegations.

**"LEGAL AND FACTUAL BACKGROUND"**

**"The Administrative Procedure Act ('APA')"**

17.     The allegations in Paragraph 17 characterize the APA, 5 U.S.C. § 702, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

**"National Environmental Policy Act ('NEPA')"**

18.     The allegations in Paragraph 18 characterize the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4332, which speaks for itself and is the best evidence of its

contents.  Any allegations contrary to its plain language, meaning, and context are denied.

19.    The allegations in Paragraph 19 characterize NEPA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

20.    The allegations in Paragraph 20 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

21.    The allegations in Paragraph 21 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

22.    The allegations in Paragraph 22 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

23.    The allegations in Paragraph 23 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

24.    The allegations in Paragraph 24 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

25.    The allegations in Paragraph 25 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

26.     The allegations in Paragraph 26 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

**"Endangered Species Act ('ESA')"**

27.     The allegations in Paragraph 27 characterize the Endangered Species Act ("ESA"), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

28.     The allegations in Paragraph 28 characterize the ESA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

29.     The allegations in Paragraph 29 characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

30.     The allegations in Paragraph 30 characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

31.     The allegations in Paragraph 31 characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

32.     The allegations in Paragraph 32 characterize the court's opinion in *Ctr. for Biological Diversity v. Bureau of Land Mgmt.*, 698 F.3d 1101, 1127–28 (9th Cir. 2012), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

**"Federal Land Policy and Management Act ('FLPMA')"**

33.     The allegations in Paragraph 33 characterize the Federal Land Policy and Management

Act ("FLPMA"), 43 U.S.C. § 1701 *et seq.*, which speaks for itself and is the best

evidence of its contents.  Any allegations contrary to its plain language, meaning, and

context are denied.  Federal Defendants aver that FLMPA's multiple-use mandate does

not apply to lands governed by the Oregon & California Revested Railroad Lands Act

("O&C Act"), 43 U.S.C. § 2601.

34.     The allegations in Paragraph 34 characterize FLPMA and its implementing regulations,

which speak for themselves and are the best evidence of their contents.  Any allegations

contrary to their plain language, meaning, and context are denied.

35.     The allegations in Paragraph 35 characterize the 2016 Southwestern Oregon Resource

Management Plan ("RMP"), which speaks for itself and is the best evidence of its

contents.  Any allegations contrary to its plain language, meaning, and context are

denied.

**"The Northern Spotted Owl (*Strix occidentalis caurina*)"**

36.     Federal Defendants deny the allegations in Paragraph 36 insofar as they purport to

characterize the biology and habitat of the northern spotted owl, whereas the accurate

characterization is contained in Federal Defendants' administrative record, which

speaks for itself and is the best evidence of its contents.  Any allegations contrary to its

plain language, meaning, and context are denied.

37.     Federal Defendants deny the allegations in Paragraph 37 insofar as they purport to

characterize the biology and habitat of the northern spotted owl, whereas the accurate

characterization is contained in Federal Defendants' administrative record, which

speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

38.    Federal Defendants deny the allegations in Paragraph 38 insofar as they purport to characterize the biology and habitat of the northern spotted owl, whereas the accurate characterization is contained in Federal Defendants' administrative record, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

39.    The allegations in Paragraph 39 characterize 16 U.S.C. § 1533(a) and the *Determination of Threatened Status for the Northern Spotted Owl*, 55 Fed. Reg. 26,114 (June 26, 1990) (codified at 50 C.F.R. § 17.11(h)), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

40.    The allegations in Paragraph 40 characterize the 1992, 2008, and 2012 critical habitat designations for the northern spotted owl, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

41.    The allegations in Paragraph 41 characterize the critical habitat designations for the northern spotted owl, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

42.    The allegations in Paragraph 42 characterize the 2012 critical habitat designation for the northern spotted owl, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

43.    The allegations in Paragraph 43 appear to characterize the 2012 critical habitat designation for the northern spotted owl, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

44.    The allegations in Paragraph 44 appear to characterize the Project Revised EA and the 2012 critical habitat designation for the northern spotted owl, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

45.    The allegations in Paragraph 45 characterize unidentified literature, which speaks for itself and is the best evidence of its contents.  To the extent the allegations purport to characterize the biology and habitat of the northern spotted owl, the accurate characterization is contained in Federal Defendants' administrative record, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the unidentified literature or Federal Defendants' administrative record are denied.

46.    Federal Defendants deny the allegations in Paragraph 46 insofar as they purport to characterize the biology and habitat of the northern spotted owl, whereas the accurate characterization is contained in Federal Defendants' administrative record, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

47.    The allegations in Paragraph 47 appear to characterize the Project Revised EA which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

48.     The allegations in Paragraph 48 characterize FWS, *Protocol for Surveying Proposed Management Activities that may Impact Northern Spotted Owls* (Feb. 7, 2011; revised Jan. 9, 2012) which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

49.     The allegations in Paragraph 49 characterize Franklin et al. 2000, Dugger et al. 2005, and Shilling et al. 2013, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

50.     The allegations in Paragraph 50 characterize the 2012 critical habitat designation for the northern spotted owl, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

51.     The allegations in Paragraph 51 characterize U.S. Fish & Wildlife Service, *Revised Recovery Plan for the Northern Spotted Owl*, III-43 (June 28, 2011)("Recovery Plan"), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

52.     The allegations in Paragraph 52 appear to characterize the Recovery Plan, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

53.     The allegations in Paragraph 53 characterize the Recovery Plan, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

54.     The allegations in Paragraph 54 appear to characterize the Project Revised EA which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its

plain language, meaning, and context are denied.

55.    The allegations in Paragraph 55 appear to characterize the Project Revised EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

56.    The allegations in Paragraph 56 characterize the Recovery Plan, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

57.    The allegations in Paragraph 57 appear to characterize the Project Revised EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

58.    Federal Defendants deny the allegations in Paragraph 58 insofar as they purport to characterize the biology and habitat of the northern spotted owl, whereas the accurate characterization is contained in Federal Defendants' administrative record, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

59.    The allegations in Paragraph 59 characterize unidentified demographic study data, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

60.    The allegations in Paragraph 60 appear to characterize the Project Revised EA and unidentified demographic study data, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

61.    The allegations in Paragraph 61 appear to characterize the Project Revised EA and

unidentified demographic study data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

62.    The allegations in Paragraph 62 characterize *Demographic Characteristics and Ecology of Northern Spotted Owls (Strix occidentalis caurina) in the Southern Oregon Cascades Annual Research Report FY18* (March 2019) (Dugger et al. 2019), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

63.    The allegations in Paragraph 63 characterize *Demographic Characteristics and Ecology of Northern Spotted Owls (Strix occidentalis caurina) in the Southern Oregon Cascades Annual Research Report FY19* (February 2020) (Dugger et al. 2020), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

64.    The allegations in Paragraph 64 characterize unidentified demographic study data, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

65.    Federal Defendants deny the allegations in Paragraph 65 insofar as they purport to characterize the biology, fledging success, and population of the northern spotted owl, whereas the accurate characterization is contained in Federal Defendants' administrative record, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

**"The Barred Owl ('*Strix varia*') Threat"**

66.    Federal Defendants deny the allegations in Paragraph 66 insofar as they purport to

characterize the history and biology of the barred owl, whereas the accurate

characterization is contained in Federal Defendants' administrative record, which

speaks for itself and is the best evidence of its contents. Any allegations contrary to its

plain language, meaning, and context are denied.

67.     The allegations in Paragraph 67 characterize the Recovery Plan, which speaks for itself

and is the best evidence of its contents. Any allegations contrary to its plain language,

meaning, and context are denied.

68.     The allegations in the first sentence of Paragraph 68 characterize FWS, Oregon Fish

and Wildlife Office, BARRED OWL THREAT, which speaks for itself and is the best

evidence of its contents. Any allegations contrary to its plain language, meaning, and

context are denied. Federal Defendants deny the allegations in the second sentence of

Paragraph 68 insofar as they purport to characterize the northern spotted owl and barred

owl habitat, biology and interaction, whereas the accurate characterization is contained

in Federal Defendants' administrative record, which speaks for itself and is the best

evidence of its contents. Any allegations contrary to its plain language, meaning, and

context are denied.

69.     The allegations in Paragraph 69 characterize Dugger et al. 2018, which speaks for itself

and is the best evidence of its contents. Any allegations contrary to its plain language,

meaning, and context are denied.

70.     Federal Defendants deny the allegations in Paragraph 70 insofar as they purport to

characterize the barred owl and spotted owl history and biology, whereas the accurate

characterization is contained in Federal Defendants' administrative record, which

speaks for itself and is the best evidence of its contents. Any allegations contrary to its

plain language, meaning, and context are denied.

71.    The allegations in Paragraph 71 characterize Wiens et al. (2014) and Dugger et al.
(2016), which speak for themselves and are the best evidence of their contents.  Any
allegations contrary to their plain language, meaning, and context are denied.

72.    Federal Defendants deny the allegations in Paragraph 72 insofar as they purport to
characterize the barred owl and spotted owl history and biology, whereas the accurate
characterization is contained in Federal Defendants' administrative record, which
speaks for itself and is the best evidence of its contents.  Any allegations contrary to its
plain language, meaning, and context are denied.

73.    The allegations in Paragraph 73 characterize the Biological Opinion for the North
Landscape Project, which speaks for itself and is the best evidence of its contents.  Any
allegations contrary to its plain language, meaning, and context are denied.

**"Wildfire Risk in Southwestern Oregon"**

74.    The allegations in Paragraph 74 characterize unidentified "best available science,"
which speaks for itself and is the best evidence of its contents.  Any allegations
contrary to the plain language, meaning, and context of Federal Defendants'
administrative record are denied.

75.    The allegations in Paragraph 75 characterize unidentified "best available science,"
which speaks for itself and is the best evidence of its contents.  Any allegations
contrary to the plain language, meaning, and context of Federal Defendants'
administrative record are denied.

76.    The allegations in Paragraph 76 characterize the BLM's Griffin Half Moon Vegetation
Management Project EA and the Project Revised EA, which speak for themselves and

are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

77.    The allegations in Paragraph 77 characterize the BLM's Griffin Half Moon Vegetation Management Project EA and the Project Revised EA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

78.    Federal Defendants deny the allegations in Paragraph 78 insofar as they purport to characterize climate conditions and southern Oregon fire season, whereas the accurate characterization is contained in Federal Defendants' administrative record, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

79.    The allegations in Paragraph 79 characterize the Project Revised EA, the Final Environmental Impact Statement ("FEIS") for the Pacific Connector Gas Pipeline Project,  and Federal Energy Regulatory Commission document CP13-483 2, 2-60 (Sept. 2015), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. Federal Defendants deny the allegations in the third sentence of Paragraph 79 that the pipeline "right-of-way would operate as a 'wick' for fire" in the Project area.

80.    The allegations in Paragraph 80 characterize United States Forest Service, *Areas where homes, forests mix increased rapidly over two decades*, NORTHERN RESEARCH STATION (May 19, 2019), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

**"The North Landscape Project"**

*Federal Defendants' Answer*                                                                              15

81.     The allegations in Paragraph 81 characterize the North Landscape Project's June 7, 2018 EA, April 1, 2020 Revised EA, July 13, 2020 response to comments and FONSI, and July 13, 2020 Decision Record affirming the Stag Timber Sale, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

82.     The allegations in Paragraph 82 appear to characterize the Project Revised EA and unspecified proclamations designating and expanding the Cascade-Siskiyou National Monument in 2000 and 2017, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

83.     The allegations in Paragraph 83 appear to characterize the Project Revised EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

84.     The allegations in Paragraph 84 characterize the Project Revised EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  Federal Defendants aver that the activities described in the Revised EA are authorized by sale-specific Decisions, not the Revised EA itself.

85.     The allegations in Paragraph 85 appear to characterize the Project Revised EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

86.     The allegations in Paragraph 86 characterize the Project Revised EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain

language, meaning, and context are denied.  Federal Defendants aver that the activities described in the Revised EA are authorized by sale-specific Decisions, not the Revised EA itself.

87.    The allegations in the first sentence of Paragraph 87 characterize the Project Revised EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  Federal Defendants aver that the activities described in the Revised EA are authorized by sale-specific Decisions, not the Revised EA itself.  The allegations in the second sentence of Paragraph 87 appear to characterize the 2016 Southwestern Oregon RMP and Project Revised EA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

88.    The allegations in Paragraph 88 appear to characterize the Project Revised EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  Federal Defendants deny that regeneration harvest is the same thing as "clear cutting."

89.    The allegations in Paragraph 89 appear to characterize the Project Revised EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

90.    The allegations in Paragraph 90 appear to characterize the Project Revised EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

91.    The allegations in Paragraph 91 appear to characterize the Project Revised EA and the July 13, 2020 Decision Record for the Stag Timber Sale, northern spotted owl survey

protocol, and spotted owl survey results for the North Landscape Project, which speak

for themselves and are the best evidence of their contents.  Any allegations contrary to

their plain language, meaning, and context are denied.

92.     The allegations in Paragraph 92 appear to characterize the Project Revised EA, which

speaks for itself and is the best evidence of its contents.  Any allegations contrary to its

plain language, meaning, and context are denied.

93.     The allegations in Paragraph 93 appear to characterize the Project Revised EA, which

speaks for itself and is the best evidence of its contents. Any allegations contrary to its

plain language, meaning, and context are denied.

94.     The allegations in the first sentence of Paragraph 94 characterize Plaintiffs' public

comments on the North Landscape Project, which speak for themselves and are the best

evidence of their contents.  Any allegations contrary to their plain language, meaning,

and context are denied.  The remaining allegations characterize the Project Revised EA,

which speaks for itself and is the best evidence of its contents.  Any allegations

contrary to its plain language, meaning, and context are denied.

95.     The allegations in Paragraph 95 characterize the Project Revised EA and unidentified

"best available science," which speak for themselves and are the best evidence of their

contents.  Any allegations contrary to their plain language, meaning, and context are

denied.

96.     The allegations in Paragraph 96 characterize the Project Revised EA, which speaks for

itself and is the best evidence of its contents.  Any allegations contrary to its plain

language, meaning, and context are denied.  Federal Defendants aver that the activities

described in the Revised EA are authorized by sale-specific Decisions, not the Revised

EA itself.

97.    The allegations in Paragraph 97 appear to characterize the Project Revised EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

98.    The allegations in Paragraph 98 appear to characterize the June 12, 2018 North Landscape Project EA and the Project Revised EA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

99.    The allegations in Paragraph 99 characterize the Project Revised EA and comments raised by Plaintiffs during the public comment and administrative review process, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

100.    The allegations in Paragraph 100 characterize the Project Revised EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

101.    The allegations in Paragraph 101 characterize the Project Revised EA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

102.    The allegations in Paragraph 102 constitute legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in Paragraph 102.

103.    The allegations in Paragraph 103 constitute legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations

in Paragraph 103.

104.    The allegations in the first sentence of Paragraph 104 characterize Plaintiffs' November

6, 2019 letter, which speaks for itself and is the best evidence of its contents.  Any

allegations contrary to its plain language, meaning, and context are denied.  The

allegations in the second sentence of Paragraph 104 constitute conclusions of law, to

which no response is required.

105.    The allegations in Paragraph 105 constitute Plaintiffs' characterization of their case and

legal conclusions, to which no response is required.  To the extent a response is

required, Federal Defendants deny the allegations in Paragraph 105.

**"CLAIMS FOR RELIEF"**

**"FIRST CLAIM FOR RELIEF"**

**"BLM's Failure to Consider Direct, Indirect, and Cumulative Effects of the North
Project Violates the National Environmental Policy Act."**

The allegations in the unnumbered paragraph between Paragraphs 105 and 106 constitute

legal conclusions, to which no response is required.  To the extent a response is required, Federal

Defendants deny the allegations.

106.    Federal Defendants incorporate by reference their responses to all preceding

Paragraphs.

107.    The allegations in Paragraph 107 characterize NEPA and its implementing regulations,

which speak for themselves and are the best evidence of their contents.  Any allegations

contrary to their plain language, meaning, and context are denied.

108.    The allegations in Paragraph 108 characterize NEPA and its implementing regulations,

which speak for themselves and are the best evidence of their contents.  Any allegations

contrary to their plain language, meaning, and context are denied.

109.    The allegations in Paragraph 109 characterize the Project Revised EA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

110.    The allegations in Paragraph 110 characterize the Project Revised EA and experimental barred owl removal program data, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

111.    The allegations in Paragraph 111 characterize the Project Revised EA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

112.    The allegations in Paragraph 112 characterize the Project Revised EA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

113.    The allegations in Paragraph 113 characterize the Project Revised EA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

114.    The allegations in Paragraph 114 characterize the Project Revised EA and appear to characterize the Pacific Connector Gas Pipeline Project FEIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

115.    The allegations in Paragraph 115 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 115.

116.    The allegations in Paragraph 116 consist of Plaintiffs' request for relief, to which no

response is required.  To the extent a response is required, Federal Defendants deny that

Plaintiffs are entitled to the relief requested or any other relief.

### "SECOND CLAIM FOR RELIEF"

### "BLM's Failure to Prepare an Environmental Impact Statement Violates the National Environmental Policy Act."

The allegations in the unnumbered paragraph between Paragraphs 116 and 117 constitute

legal conclusions, to which no response is required.  To the extent a response is required, Federal

Defendants deny the allegations.

117.    Federal Defendants incorporate by reference its responses to all preceding Paragraphs.

118.    The allegations in Paragraph 118 characterize NEPA, which speaks for itself and is the

best evidence of its contents.  Any allegations contrary to its plain language, meaning,

and context are denied.

119.    The allegations in Paragraph 119 characterize NEPA and its implementing regulations,

which speak for themselves and are the best evidence of their contents.  Any allegations

contrary to their plain language, meaning, and context are denied.

120.    The allegations in Paragraph 120 characterize NEPA and its implementing regulations,

which speak for themselves and are the best evidence of their contents.  Any allegations

contrary to their plain language, meaning, and context are denied.

121.    The allegations in Paragraph 121 characterize the Project Revised EA and NEPA and

its implementing regulations, which speak for themselves and are the best evidence of

their contents.  Any allegations contrary to their plain language, meaning, and context

are denied.  The allegations in Paragraph 121 also constitute conclusions of law, to

which no response is required.  To the extent a response is required, Federal Defendants

deny the allegations.

122.    The allegations in Paragraph 122 characterize the Project Revised EA, NEPA and its

implementing regulations, and appear to characterize unspecified proclamations

designating and expanding the Cascade-Siskiyou National Monument, which speak for

themselves and are the best evidence of their contents.  Any allegations contrary to their

plain language, meaning, and context are denied.  The allegations in Paragraph 122 also

constitute conclusions of law, to which no response is required.  To the extent a

response is required, Federal Defendants deny the allegations.

123.    The allegations in Paragraph 123 characterize the Project Revised EA and NEPA and

its implementing regulations, which speak for themselves and are the best evidence of

their contents.  Any allegations contrary to their plain language, meaning, and context

are denied.  The allegations in Paragraph 123 also constitute conclusions of law, to

which no response is required.  To the extent a response is required, Federal Defendants

deny the allegations.

124.    The allegations in Paragraph 124 characterize the Project Revised EA and NEPA and

its implementing regulations, which speak for themselves and are the best evidence of

their contents.  Any allegations contrary to their plain language, meaning, and context

are denied.  The allegations in Paragraph 124 also constitute conclusions of law, to

which no response is required.  To the extent a response is required, Federal Defendants

deny the allegations, and aver that the activities described in the Revised EA are

authorized by sale-specific Decisions, not the Revised EA itself.

125.    The allegations in Paragraph 125 characterize the Project Revised EA and NEPA and

its implementing regulations, which speak for themselves and are the best evidence of

their contents.  Any allegations contrary to their plain language, meaning, and context are denied.  The allegations in Paragraph 125 also constitute conclusions of law, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

126.    The allegations in Paragraph 126 characterize the Project Revised EA and NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.  The allegations in Paragraph 126 also constitute conclusions of law, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

127.    The allegations in Paragraph 127 characterize the Project Revised EA and NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.  The allegations in Paragraph 127 also constitute conclusions of law, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

128.    The allegations in Paragraph 128 characterize the Project Revised EA and FONSI, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.  The allegations in Paragraph 128 also constitute conclusions of law, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

129.    The allegations in Paragraph 129 constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

130.    The allegations in Paragraph 130 consist of Plaintiffs' request for relief, to which no response is required.  To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any other relief.

### "THIRD CLAIM FOR RELIEF"

### "FWS's Biological Opinion Violates the Endangered Species Act."

The allegations in the unnumbered paragraph between Paragraphs 130 and 131 constitute legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

131.    Federal Defendants incorporate by reference its responses to all preceding Paragraphs.

132.    The allegations in Paragraph 132 characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

133.    The allegations in Paragraph 133 characterize final rule published as the *Determination of Threatened Status for the Northern Spotted Owl*, 55 Fed. Reg. 26,114 (June 26, 1990), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

134.    The allegations in Paragraph 134 characterize the Biological Opinion for the North Landscape Project, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.

135.    The allegations in Paragraph 135 characterize the Biological Opinion for the North Landscape Project, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  The allegations in Paragraph 135 also constitute conclusions of law, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

136.    The allegations in Paragraph 136 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in Paragraph 136.

137.    The allegations in Paragraph 137 characterize the Biological Opinion for the North Landscape Project, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  The allegations in Paragraph 137 also constitute Plaintiffs' characterization of their case, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

138.    The allegations in Paragraph 138 characterize the Biological Opinion for the North Landscape Project, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  The allegations in Paragraph 138 also constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

139.    The allegations in Paragraph 139 characterize the Biological Opinion for the North Landscape Project, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  The allegations in Paragraph 139 also constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

140.    The allegations in Paragraph 140 characterize the Biological Opinion for the North Landscape Project, which speaks for itself and is the best evidence of its contents.  Any

allegations contrary to its plain language, meaning, and context are denied.  The allegations in Paragraph 140 also constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

141.    The allegations in Paragraph 141 characterize the Biological Opinion for the North Landscape Project which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  The allegations in Paragraph 141 also constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

142.    The allegations in Paragraph 142 characterize the Biological Opinion for the North Landscape Project, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, and context are denied.  The allegations in Paragraph 142 also constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

143.    The allegations in Paragraph 143 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

144.    The allegations in Paragraph 144 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

145.    The allegations in Paragraph 145 constitute Plaintiffs' characterization of their case and

legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

146.    The allegations in Paragraph 146 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

147.    The allegations in Paragraph 147 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

148.    The allegations in Paragraph 148 consist of Plaintiffs' request for relief, to which no response is required.  To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any other relief.

### "FOURTH CLAIM FOR RELIEF"

### "BLM's Reliance on the Legally Flawed North Biological Opinion Violates the Endangered Species Act."

The allegations in the unnumbered paragraph between Paragraphs 148 and 149 constitute legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

149.    Federal Defendants incorporate by reference its responses to all preceding Paragraphs.

150.    The allegations in Paragraph 150 characterize the ESA, and court opinions in *Pyramid Lake Paiute Tribe v. U.S. Dept. of Navy*, 898 F.2d 1410, 1415 (9th Cir. 1990), and *Ctr. for Biological Diversity v. Bureau of Land Mgmt.*, 698 F.3d 1101, 1127–28 (9th Cir. 2012), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, and context are denied.

151.    The allegations in Paragraph 151 characterize the North Landscape Project Biological

Opinion and project documents, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The allegations in Paragraph 151 also constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

152. The allegations in Paragraph 152 characterize the North Landscape Project Biological Opinion and project documents, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The allegations in Paragraph 152 also constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

153. The allegations in Paragraph 153 characterize the North Landscape Project Biological Opinion and project documents, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The allegations in Paragraph 153 also constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

154. The allegations in Paragraph 154 characterize the North Landscape Project Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations in Paragraph 154 also constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

155. The allegations in Paragraph 155 characterize the North Landscape Project Biological

Opinion, which speaks for itself and is the best evidence of its contents. Any

allegations contrary to its plain language, meaning, and context are denied. The

allegations in Paragraph 155 also constitute conclusions of law, to which no response is

required. To the extent a response is required, Federal Defendants deny the allegations.

156. The allegations in Paragraph 156 constitute conclusions of law to which no response is

required. To the extent a response is required, Federal Defendants deny the allegations.

157. The allegations in Paragraph 157 constitute conclusions of law to which no response is

required. To the extent a response is required, Federal Defendants deny the allegations.

158. The allegations in Paragraph 158 consist of Plaintiffs' request for relief, to which no

response is required. To the extent a response is required, Federal Defendants deny that

Plaintiffs are entitled to the relief requested or any other relief.

## "FIFTH CLAIM FOR RELIEF"

### "BLM's Failure to Comply with the 2016 RMP Violates the Federal Land Policy and Management Act."

The allegations in the unnumbered paragraph between Paragraphs 158 and 159 constitute

legal conclusions, to which no response is required. To the extent a response is required, Federal

Defendants deny the allegations.

159. Federal Defendants incorporate by reference its responses to all preceding Paragraphs.

160. The allegations in Paragraph 160 characterize FLPMA and its implementing

regulations, which speak for themselves and are the best evidence of their contents.

Any allegations contrary to their plain language, meaning, and context are denied.

161. The allegations in Paragraph 161 characterize the 2016 Southwestern Oregon RMP and

the Recovery Plan, which speak for themselves and are the best evidence of their

contents. Any allegations contrary to their plain language, meaning, and context are

denied.

162.   The allegations in Paragraph 162 characterize the Project Revised EA, the 2016
       Southwestern Oregon RMP, and the Recovery Plan, which speak for themselves and
       are the best evidence of their contents.  Any allegations contrary to their plain language,
       meaning, and context are denied.  The allegations in Paragraph 162 also constitute
       conclusions of law, to which no response is required.  To the extent a response is
       required, Federal Defendants deny the allegations.

163.   The allegations in Paragraph 163 characterize the Project Revised EA and Decisions
       issued to date, the 2016 Southwestern Oregon RMP, and the Recovery Plan, which
       speak for themselves and are the best evidence of their contents.  Any allegations
       contrary to their plain language, meaning, and context are denied.  The allegations in
       Paragraph 163 also constitute conclusions of law, to which no response is required.  To
       the extent a response is required, Federal Defendants deny the allegations.

164.   The allegations in Paragraph 164 constitute conclusions of law to which no response is
       required.  To the extent a response is required, Federal Defendants deny the allegations.

165.   The allegations in Paragraph 165 constitute conclusions of law to which no response is
       required.  To the extent a response is required, Federal Defendants deny the allegations.

166.   The allegations in Paragraph 166 consist of Plaintiffs' request for relief, to which no
       response is required.  To the extent a response is required, Federal Defendants deny that
       Plaintiffs are entitled to the relief requested or any other relief.

**"PLAINTIFFS' PRAYER FOR RELIEF"**

       The remaining allegations set forth in the Complaint consist of Plaintiffs' prayer for
relief, to which no response is required.  To the extent a response is required, Federal Defendants

deny that Plaintiffs are entitled to the relief requested or any other relief.

## GENERAL DENIAL

Federal Defendants deny any and all allegations in Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

In addition, Federal Defendants raise the following affirmative defenses:

1. Some or all of Plaintiffs' claims are barred by laches, estoppel, waiver, and failure to exhaust administrative remedies.

2. Plaintiffs have failed to establish this Court's jurisdiction for some or all of their claims.

WHEREFORE, Federal Defendants request that this Court dismiss Plaintiffs' Complaint, enter judgment for Federal Defendants, and award Federal Defendants court costs and any such further relief that this Court deems just and appropriate.

Respectfully submitted on this 3rd day of September, 2020.

BILLY J. WILLIAMS
United States Attorney
District of Oregon

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources Division

*/s/ Emma L. Hamilton*
JOHN P. TUSTIN (TX Bar No. 24056453)
Senior Attorney
EMMA L. HAMILTON (CA Bar No. 325360)
Trial Attorney
Natural Resources Section

ROBERT M. NORWAY (DC Bar No. 490715)
Wildlife and Marine Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 305-3022 (Tustin)
        (202) 305-0479 (Hamilton)
        (202) 532-3202 (Norway)
Fax:    (202) 305-0506
john.tustin@usdoj.gov
emma.hamilton@usdoj.gov
robert.m.norway@usdoj.gov

*Attorneys for Federal Defendants*